# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Robert Keyes,
    Plaintiff

vs                                         Case No. 1:007-cv-503-HJW-TSH
                                           (Weber, Sr. J.; Hogan, M. J.)

Car-X Auto Service, et. al.,
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on the motion for partial summary judgment filed by Defendants Car-X Auto Service, Gorrepati Service Systems, Inc., and Lee Bailey (Doc. 14), plaintiff Robert Keyes's memorandum in opposition to partial summary judgment (Doc. 39), and defendants' reply. (Doc. 41).

Plaintiff brought this action against his former employer, defendant Car-X Auto Services, the corporate owner of Car-X, defendant Gorrepati Service Systems, Inc., and his former Manager at Car-X, defendant Lee Bailey, alleging claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207 et. seq., the Family Medical Leave Act (FMLA), 29 U.S.C. § 2617, et. seq., Ohio Rev. Code § 4123.90, and Ohio common law. In their motion for partial summary judgment, defendants contend that Counts Three and Four of the Complaint should be dismissed. Specifically,

defendants argue that the Court should dismiss Count Three of the Complaint because plaintiff failed to comply with the notice requirements of Ohio Rev. Code § 4123.90, which permits employees to bring a statutory worker's compensation retaliation claim. Defendants also contend that Ohio courts do not recognize a common law claim for breach of public policy based on a claim for worker's compensation retaliation.

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with

enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon,* 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff concedes that the Ohio Supreme Court has eliminated claims for wrongful termination in violation of Ohio public policy against worker's compensation retaliation as set forth in Ohio Rev. Code § 4123.90. (Doc. 39, p. 1 n.1). *See Bickers v. Western & Southern Life Ins. Co.*, 879 N.E.2d 201 (2007). The

3

Ohio Supreme Court has made clear that Ohio Rev. Code § 4123.90 "provides the exclusive remedy for employees claiming termination in violation of rights conferred by the Worker's Compensation Act." *Id.* at 207. Accordingly, defendants' motion should be granted as to Count Four of the Complaint.

As for Count Three, defendants argue plaintiff's claim for wrongful termination in retaliation for participating in the Worker's Compensation system fails because plaintiff did not comply with the notice requirements set forth in statute. Defendants assert that there is no evidence that plaintiff "served" defendants with notice of his worker's compensation retaliation claim, or that he sent any such notice directly to defendants. Defendants insist that the statute's requirement that plaintiff serve written notice on defendants is jurisdictional and that the requirement cannot be satisfied by "substantial compliance" based on verbal or indirect notice. Defendants also contend that because plaintiff was terminated at least three days before he filed any worker's compensation claim, his termination could not have been related to his participation in the Worker's Compensation System, and therefore falls outside the scope of the statute.

> Ohio Rev. Code § 4123.90 provides in pertinent part:
>
> No employer shall discharge, demote, reassign, or take any punitive action against any employee because such employee filed a claim or instituted, pursued or testified in any proceedings under the worker's compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. ... The action shall be forever barred unless filed within one hundred eight days immediately following the discharge, demotion, reassignment, or punitive action taken, *and no action may be instituted or maintained unless the employer has received written notice of a*

4

> *claimed violation of this paragraph within the ninety days immediately following the discharge, demotion, reassignment, or punitive action taken.*

(Emphasis added). Also pertinent to this motion is Ohio Rev. Code § 4123.95 which states:

> Sections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees. . . .

Ohio Rev. Code § 4123.90 does not dictate the form in which notice must be presented to the employer. *Ira v. Price Bros. Co.*, 1993 WL 387104, *2 (Ohio Ct. App. Sept. 30, 1993). Nor does it require that the notice be served on the employer by the employee. *Id.* While the statute does require that the employer receive written notice within ninety days of the punitive employment action, it does not specify from whom the notice must come, nor set forth required wording. *Id.* at *2-3. Defendants have asserted that the notice must be served on the employer by the employee and that the statute does not permit "substantial compliance" with the notice requirements. Defendants fail to cite any legal authority for these assertions. Indeed, the *Ira* court specifically found in that the plaintiff in the case before it had"substantially complied with the notice requirements." Id. at *3.

Plaintiff has presented evidence that he set forth the substance of his § 4123.90 claim in two letters he drafted and sent to the unemployment commission. There is also evidence that defendants received notice from the bureau of worker's compensation concerning plaintiff's claims. A question of fact exists as to whether the notice was received within the ninety day period. There is some evidence on the record which indicates that defendants knew plaintiff had filed a worker's compensation claim and that he had appealed the denial of the claim. There is a

question of fact as to whether defendants knew or should have known, based on the information they received about the claim, that plaintiff claimed worker's compensation retaliation as the cause of his termination from employment. There is some evidence to suggest that by filing appeal letters with the unemployment commission, and knowing that such information would be transmitted to defendants, plaintiff substantially complied with the notice requirements of the statute. Accordingly, summary judgment is not appropriate on this issue.

As for defendants' assertion that plaintiff cannot maintain a worker's compensation retaliation claim because he was terminated at least three days before he actually filed a worker's compensation claim, the Court again finds that questions of fact exist to preclude summary judgment at this time. Neither the statute nor the case law interpreting it requires the actual filing of a claim as the only means by which a proceeding can be instituted. *Thompson v. Kinro*, 525 N.E.2d 528, 531 (citing *Bryant v. Dayton Casket Co.*, 433 N.E.2d 142 (Ohio 1982)). Moreover, under the facts of this case, there is evidence suggesting that plaintiff was warned by his employer not to file any worker's compensation claims. It would undermine the intent of the statute if an employer could preclude an employee from filing a claim and then terminate him in retaliation for taking steps to perfect such a claim. *See Thompson*, 525 N.E.2d at 531-532; *Wilson v. Semco*, 748 N.E.2d 111, 114-15 (Ohio Ct. App. 2000).

Given the record evidence to date and the requirement that the Court liberally construe the statute in favor of plaintiff, the Court finds that there are issues of fact which preclude summary judgment.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' partial summary judgment motion be DENIED.

_____
Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Robert Keyes,
    Plaintiff

vs                                  Case No. 1:007-cv-503-HJW-TSH
                                       (Weber, Sr. J.; Hogan, M. J.)

Car-X Auto Service, et. al.,
    Defendants

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 3/27/2009. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.