UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Keyes,
    Plaintiff

vs                            Case No. 1:07-cv-503-HJW-TSH
                                (Weber, Sr. J.; Hogan, M. J.)

Car-X Auto Service, et. al.,
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. 38), Defendants' Memorandum In Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 45), and Plaintiff's Reply. (Doc. 53).

Plaintiff brought this action against his former employer, Defendant Car-X Auto Services, the corporate owner of Car-X, Defendant Gorrepati Service Systems, Inc., and his former Manager at Car-X, Defendant Lee Bailey, alleging claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207 et. seq., the Family Medical Leave Act (FMLA), 29 U.S.C. § 2617, et. seq., Ohio Rev. Code § 4123.90, and Ohio common law. In his Motion for Partial Summary Judgment, Plaintiff contends that he is entitled to summary judgment on the issue of liability with respect to Count One. Specifically, Plaintiff argues that, because it is undisputed that Defendant Car-X failed to compensate him for overtime in excess of forty hours per week, Defendants have violated the FLSA. Defendants contend that they are entitled to the exemption from the overtime wage requirement under 7(i) of the FLSA, 29 U.S.C. § 207(i) because Plaintiff's regular rate of pay exceeded one and one-half times the minimum wage rate and over half of Plaintiff's compensation came from commissions earned on the sale of goods and services.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The FLSA requires employers to pay their employees time and one-half for work performed in excess of forty hours in one week. 29 U.S.C. § 207(A)(1). However, an employer is not required

to pay overtime to an employee of a retail or service establishment who has worked in excess of forty hours if: 1) the employee's regular rate of pay exceeeds one and one-half times the minimum hourly rate applicable to him; and 2) more than one-half of the employee's compensation for a representative period consists of commissions on goods or services. *Id.* at 207(i).

With respect to FLSA overtime exemptions, the employer has the burden of proof. *Thomas v. Speedway Super America,* LLC., 506 F.3d 496, 501-502 (citing Corning *Glass Works v. Brennan,* 417 U.S. 188, 196-97, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974); *Douglas v. Argo-Tech Corp.,* 113 F.3d 67, 70 (6th Cir.1997)). Moreover, exemptions under the FLSA, "are to be narrowly construed against the employer." *Id.* (citing *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960)). While an employer claiming an FLSA exemption does not bear any heightened evidentiary burden, the elements of such must nonetheless be demonstrated through "clear and affirmative evidence." *Thomas,* 506 F.3d at 502 (citing *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 691 n. 4 (6th Cir.2001)). The ultimate question of whether an employer is exempt from the overtime wage requirement is a question of law. *See Ale,* 269 F.3d at 691(citing *Icicle Seafoods, Inc. v. Worthington,* 475 U.S. 709, 714 (1986)). Consequently, the issue of whether more than one-half of Plaintiff's compensation consisted of commissions is a question of law. *Id.*

The parties do not dispute that Defendant Car-X is a retail establishment or that Plaintiff's regular rate of pay exceeded one and one-half times the minimum wage rate. Thus, the issue before the Court is whether more than one-half of Plaintiff's compensation consisted of commissions on goods or services.

Federal regulations recognize that employees of retail or service establishments are usually compensated in any one of five ways:

> (1) Straight salary or hourly rate: Under this method of compensation the employee receives a stipulated sum paid weekly, biweekly, semimonthly, or monthly or a fixed amount for each hour of work.
>
> (2) Salary plus commission: Under this method of compensation the employee receives a commission on all sales in addition to a base salary (see paragraph (a)(1) of this section).
>
> (3) Quota bonus: This method of compensation is similar to paragraph (a)(2) of this section except that the commission payment is paid on sales over and above a predetermined sales quota.

3

(4) Straight commission without advances: Under this method of compensation the employee is paid a flat percentage on each dollar of sales he makes.

(5) Straight commission with "advances," "guarantees," or "draws." This method of compensation is similar to paragraph (a)(4) of this section except that the employee is paid a fixed weekly, biweekly, semimonthly, or monthly "advance," "guarantee," or "draw." At periodic intervals a settlement is made at which time the payments already made are supplemented by any additional amount by which his commission earnings exceed the amounts previously paid.

29 C.F.R. § 779.413(a).

By definition, each of these compensation plans, except for the "straight salary or hourly rate," qualify as "bona fide commission plans" under § 207(i). *Viciedo v. New Horizons Computer Learning Center of Columbus, LTD*, 246 F.Supp.2d 886 (S.D. Ohio 2003).

Under Defendant's compensation plan, employees were paid the greater of either the commission rate[1] on the total gross sale of services and products attributable to the employee during a given pay period or a "default" guaranteed wage rate, which was calculated by multiplying the employee's regular hourly rate by the number of hours actually worked in a given pay period. (Deposition of Robert Keyes at 14, 15-16, 101-02, 213-17; Govind Aff. at ¶¶ 10-14, Govind Dep., Ex. 3, Employee Sales/Commission Reports). Car-X did not calculate a setoff or overpayment in weeks in which Plaintiff earned extra for commissions. (Keyes Dep. at 101-102; Govind Dep. at 104-105). While Defendants avoid designating which of the above examples under 29 C.F.R. § 779.413(a) best fits the characteristics of Car-X's compensation plan, Plaintiff argues that Defendants' compensation plan is based on a hybrid system and is not a bona fide commission plan under the FLSA. As in *Viciedo*, we find the present facts remarkably similar to those in *Donovan v. Highway Oil Inc.*, Case No. 81-4245, 1986 WL 11266 at *4 (D.Kan. July 18, 1986), in which that court found the defendant's compensation plan possessed the characteristics of both a salary plus commission plan and a quota bonus plan. In *Donovan*, managers of a gas station bringing suit to recover overtime wages allegedly due under the FLSA were paid a set commission for selling a threshold amount of gasoline, and then a small commission for each additional gallon of gasoline

---

[1] The actual percentage rate of the commission varied slightly depending on the type of service or product sold. (Deposition of Prema Govindarajulu ("Govind:") at 38, 42, 73; Govind Affidavit ¶¶ 9, 10).

4

sold in excess of the threshold amount. The court found that "the only true commission portion of the salaries appears to be those amounts over the threshold level" and that the amount of said commissions did not meet the requirements of 29 C.F.R. § 207(i) as they did not comprise more than half of the managers' compensation. *Donovan*, 1986 WL 11266 at *4. While Defendants argue that all Car-X technicians were paid based on commissions from services and products sold, we find, as did the court in *Donovan*, that the plan's operation, as explained by Defendants' witness and Plaintiff himself, belies such an argument. (*See* Govind Dep. at 60-62, 65-66, 72; Ex. 3, Employee Sales/Commission Reports; Keyes Dep. at 14, 101-102, 213-17). For this reason, we find that the default guaranteed wage represents a salary and only that amount in excess of such constitutes the true commission portion. Defendant has failed to demonstrate that more than fifty percent of Plaintiff's compensation for any representative period consists of commissions. Accordingly, we find that Plaintiff is entitled to partial summary judgment on the issue of liability with respect to Count One.

### IT IS THEREFORE RECOMMENDED THAT

1) Plaintiff's Motion for Partial Summary Judgment (Doc. 38) be GRANTED in accordance with the decision herein.

Date 9/30/09

Timothy S. Hogan
United States Magistrate Judge

5

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).