# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT KEYES,

      Plaintiff,

      v.                                                    Case No. C-1-07-503

CAR-X AUTO SERVICE, et al.,

      Defendants.

## ORDER

The United States Magistrate Judge issued two Reports and Recommendations in this matter recommending that (1) plaintiff's motion for partial summary judgment be granted on the issue of liability under the Fair Labor Standards Act (FLSA) (doc. 81), and (2) defendants' motion for summary judgment be granted on plaintiff's claims under the Family and Medical Leave Act (FMLA) and denied as to plaintiff's request for liquidated damages under the FLSA (doc. 82). The matter is now before the Court upon the parties' objections to the Reports and Recommendations. The matter is also before the Court upon defendants' Motion to Quash Jury Demand (doc. 63).

## I. The Report and Recommendation on the FMLA Claim

The magistrate judge determined that (1) defendants are entitled to summary judgment on plaintiff's claim for interference with his FMLA rights because plaintiff failed to show that he gave defendants notice of his intention to take leave, and (2) defendants are entitled to summary judgment on plaintiff's discrimination/retaliation claim under the FMLA because plaintiff cannot establish the first prong of a prima facie case, which requires a showing that he engaged in

1

protected activity under the FMLA, in connection with an injury he sustained in 2006. The magistrate judge determined that plaintiff neither requested leave nor provided notice to defendants of his need for leave under the FMLA or otherwise, and plaintiff failed to establish that he exercised any FMLA rights with respect to his 2006 injury.

Upon *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that plaintiff's objections have either been adequately addressed and properly disposed of by the magistrate judge or present no particularized arguments that warrant specific responses by this Court. The Court agrees with the magistrate judge's findings. Because plaintiff is unable to establish the elements of a claim of interference with his rights under the FMLA or a prima facie case of discrimination/retaliation for exercising his rights under the FMLA, defendants are entitled to summary judgment on the FMLA claims.

## II. The Reports and Recommendations on the FLSA Claim

The magistrate judge determined that plaintiff had established defendants' liability on his claim that they violated the FLSA, 29 U.S.C. § 207(a)(1), by failing to compensate him for overtime in excess of 40 hours per week. The magistrate judge found that defendants were not entitled to the exemption from the overtime wage requirement under the FLSA § 7(i), 29 U.S.C. § 207(i), which requires that (1) the employee's regular rate of pay exceeded one and one-half times the minimum wage rate, and (2) over half of the employee's compensation came from commissions earned on the sale of goods and services, because the second prong of § 7(i) was not met. The magistrate judge noted that under defendants' compensation plan, "employees were paid the greater of either the commission rate on the total gross sale of services and products attributable to the employees during a given pay period or a 'default' guaranteed wage

2

rate, which was calculated by multiplying the employee's regular hourly rate by the number of hours actually worked in a given pay period," with no setoff or overpayment in weeks in which the employee earned extra for commissions. The magistrate judge found such a plan to be remarkably similar to that at issue in ***Donovan v. Highway Oil, Inc***., 1986 WL 11266 (D. Kan. July 18, 1986), which basically provided for gas station managers to be paid a set commission for selling a threshold amount of gasoline and a small commission for each additional gallon of gasoline sold in excess of the threshold amount. If the threshold level was not met in a certain month but the manager worked all of the days and hours assigned for the month, he received the predetermined salary for pumping the threshold amount. The court in ***Donovan*** determined that the plan was not a straight commission plan, which generally requires that compensation be based on a flat percentage of sales, because there was a minimum requirement that had to be met prior to application of the plan and the plan provided for certain additions and subtractions based on the number of hours worked. Rather, the court characterized the method of compensation as a hybrid plan which combined elements of a quota bonus system, where employees earn a commission on all sales over and above a predetermined sales quota, and a salary plus commissions system, where employees earn a commission on all sales in addition to a base salary. The ***Donovan*** court determined that the only true commissions earned under the hybrid plan before it were the amounts that exceeded a predetermined threshold level. Because those amounts did not constitute more than half of the employee's compensation, the plan did not meet the test of § 207(i)(2) for a bona fide commission plan so as to exempt it from § 207(a)'s overtime wage requirement.

3

The magistrate judge found the reasoning in *Donovan* to be persuasive and rejected defendants' attempts to distinguish the Car-X plan from the plan at issue in *Donovan*, concluding that

> While Defendants argue that all Car-X technicians were paid based on commissions from services and products sold, we find, as did the court in *Donovan*, that the plan's operation, as explained by Defendants' witness and Plaintiff himself, belies such an argument . . . For this reason, we find that the default guaranteed wage represents a salary and only that amount in excess of such constitutes the true commission portion. Defendant has failed to demonstrate that more than fifty percent of Plaintiff's compensation for any representative period consists of commissions.

Defendants argue in their objections to the Report and Recommendation that in contrast to the plan in *Donovan,* the Car-X plan was implemented in good faith; the plan was a straight commission plan under which plaintiff received 14.5% of the total gross sales he made with no requirement that he reach a certain threshold before he received commissions, whereas the only true commission amount in *Donovan* was the amount that exceeded a set threshold; the true commission amount did not exceed one-half of the employee's compensation in *Donovan*; and in contrast to the plan in *Donovan*, which added only a slight amount to the employee's regular wage, the commissions in this case added significantly more to plaintiff's wages than he would have earned under an overtime system, with plaintiff defaulting back to his hourly rate less than a majority of the time. Defendants also seek to distinguish *Vicideo v. New Horizons Computer Learning Center of Columbus*, *L.T.D*., 246 F.Supp.2d 886 (S.D. Ohio 2003), which the magistrate judge referenced in his opinion, asserting that no commissions were earned under the employer's plan in that case until after a certain threshold had been met, and the plan failed to reward employees for their increased work.

Plaintiff counters that the payment system here is a hybrid salary plus commission system

4

similar to that in *Donovan*. Plaintiff asserts that under the Car-X system, the hourly wage amount was a threshold level and the only true commission portion of his salary was the amount that exceeded the hourly amount. Plaintiff argues this system as utilized by both Car-X and the employer in *Donovan* is similar to the hybrid system in *Viciedo* because employees were paid a predetermined amount of money on a biweekly basis based on a set sales quota plus a commission equal to a percentage of sales. Plaintiff asserts that as in *Viciedo*, where the draw was a non-recoverable, flat compensation rate that was added to the total amount of commissions earned (and thus functioned more like a salary that could not be taken into account when determining what percentage of earnings represented commissions), Car-X did not calculate a set-off for weeks in which he earned extra for commissions and instead his hourly payments were non-recoverable. Plaintiff also contends that as in *Viciedo*, the amount of his compensation that exceeded the threshold level constituted less than his hourly pay. Specifically, plaintiff claims that during the period from April 30, 2005 to December 16, 2006, his total pay was $26,834.59, with $22,340.28 constituting hourly pay and $4,494.31 constituting commissions. *See* Doc. 38, Appx. A.

Defendants claim that in the second quarter of 2006, plaintiff's commissions totaled $9,065.46 and his guaranteed pay was only $702.80. Defendants allege that for the eight quarters preceding plaintiff's termination, his commissions comprised over 50% of his compensation in all but one quarter.

Upon *de novo* review of the record, the Court agrees with the magistrate judge that defendants are liable to plaintiff on the FLSA claim. The magistrate judge correctly found that defendants have failed to demonstrate that more than 50% of plaintiff's compensation for any representative period consists of commissions. In calculating figures that purportedly show otherwise, defendants include as commissions all earnings during those weeks when plaintiff was not paid on an hourly wage basis. This is not appropriate because the hourly wage amounts are properly deemed the equivalent of a non-recoverable draw or salary, as they were a threshold below which plaintiff's earnings could not fall, with only the amount above the threshold hourly wage rate constituting the commission portion. As such, the commission portion of plaintiff's salary during the representative period fell well below the 50% minimum necessary to exempt defendants from the overtime wage requirement. Thus, the Court finds that there are no genuine issues of material fact for trial as to defendants' liability on the FLSA claim and plaintiff is entitled to summary judgment as a matter of law on the issue of liability.

The magistrate judge found that there are genuine issues of material fact which preclude a grant of summary judgment in defendants' favor on plaintiff's request for liquidated damages on the FLSA claim. The Court agrees with the magistrate judge that there are questions of fact as to whether defendants acted in good faith so as to preclude an award of liquidated damages pursuant to 29 U.S.C. § 260. Accordingly, defendants are not entitled to summary judgment as a matter of law on plaintiff's claim for liquidated damages.

### III. Defendants' Motion to Quash

Defendants move the Court to quash plaintiff's jury demand as to Count III of the complaint, which is a claim for retaliation by defendants against plaintiff under Ohio Rev. Code

6

§ 4123.90 for having filed a workers compensation claim. Plaintiff concedes that there is no right to a jury trial on a claim under § 4123.90 but plaintiff "reserves the right to move for an advisory jury pursuant to Fed. R. Civ. P. 39(c)," which provides that "[i]n an action not triable of right by a jury, the court may by motion or on its own try any issue with an advisory jury."

The motion to quash the jury demand is well-taken in accordance with the Ohio anti-retaliation statute. Moreover, because the only issue to be tried to a jury is the issue of actual damages on the FLSA claim, the Court declines to try the §4123.90 claim with an advisory jury.

## IV. Conclusion

Based on the evidence of record, the Court finds that there are no genuine issues of material fact for trial on plaintiff's claims under the FMLA and regarding defendants' liability on plaintiff's claim for overtime wages under the FLSA. Defendants are entitled to summary judgment as a matter of law on plaintiff's claims under the FMLA and plaintiff is entitled to summary judgment as a matter of law on the issue of defendants' liability under the FLSA. The Court finds that there are genuine issues of material fact for trial on plaintiff's claim for liquidated damages under the FLSA and defendants are not entitled to summary judgment as a matter of law on that claim.

Accordingly, the Court hereby **ADOPTS** the Reports and Recommendations of the United States Magistrate Judge (docs. 81, 82). The FLSA claim will proceed to trial on damages issues only with the issue of unpaid overtime compensation to be tried to a jury and the issue of liquidated damages to be tried to the Court. Defendants' motion to quash (doc. 63) is **GRANTED**. The workers' compensation retaliation claim will be tried to the Court.

**IT IS SO ORDERED**.

S/ Herman J. Weber
HERMAN J. WEBER, SENIOR JUDGE
UNITED STATES DISTRICT COURT